IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GERMAINE R. RUDDICK,

    Plaintiff,

v.                                              CASE NO. 1:14-cv-47-MW-GRJ

UNITED STATES ATTORNEY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Florida Department of Corrections at Florida State Prison, is proceeding *pro se* and has filed a complaint (not on the Court's form) challenging liens on his inmate account for legal filing fees. (Doc. 1.) For the following reasons, the undersigned recommends that this case be dismissed as barred by the three-strikes provision of 28 U.S.C § 1915(g).

Plaintiff is subject to the three-strikes bar of 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This Court has previously dismissed two of Plaintiff's complaints under § 1915(g). *Ruddick v. Florida Department of Corrections*, Case No. 4:11-cv-332-SPM-WCS (N.D. Fla. Oct. 20, 2011); *Ruddick v. Tucker,* Case No. 4:12-cv-641-MW-CAS (N.D. Fla. May 21, 2013). Although Plaintiff has filed more than 20 cases in

Florida federal courts, the Court notes the disposition of the following three cases, sufficient to trigger the application of the three-strikes provision: (1) *Ruddick v. Mangonia Park Police*, Case No. 9:00-cv-9144 (S.D. Fla. Apr. 23, 2001) (dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(iii)); (2) *Ruddick v. Neumann*, Case No. 9:01-cv-8247 (S.D. Fla. Aug. 28, 2001) (same); (3) *Ruddick v. State of Florida*, Case No. 1:00-cv-3724 (S.D. Fla. May 10, 2001) (dismissed for failure to state a claim, as frivolous, and for seeking monetary relief against defendant immune from such relief; appeal was also dismissed as frivolous).

Accordingly, Plaintiff is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies,"

where "time is pressing" and "a threat . . . is real and proximate.").

Based upon a review of the complaint as a whole, the Court is not persuaded that Plaintiff is in imminent danger of serious physical injury from the defendants. Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper.

When Plaintiff filed the present case, he failed to pay the required $400 filing fee or file a motion for leave to proceed *in forma pauperis*. The Court will not direct Plaintiff to file a motion to proceed *in forma pauperis*, however, because Plaintiff is clearly not entitled to proceed as a pauper under 28 U.S.C. § 1915 and because his allegations do not suggest that he is in imminent danger of serious physical injury. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.")

In light of the foregoing, it is respectfully **RECOMMENDED** that this case should be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C § 1915(g) three-strikes bar.

**IN CHAMBERS** this 2nd day of April 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.